MITCHELL SHIPPING & FORWARDING CO. *v.* UNITED STATES

AND

UNITED STATES *v.* MITCHELL SHIPPING & FORWARDING CO.

No. 6211.—Invoices dated Winnipeg, Canada, July 29, 1941.
Certified July 29, 1941.
Entered at New York, N. Y., August 15, 1941, etc.
Entry No. 709138, etc.

Second Division, Appellate Term

(Decided August 29, 1945)

*William Whynman* for the importer.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the United States.

Before TILSON, LAWRENCE, and EKWALL, Judges

LAWRENCE, Judge: The two appeals for reappraisement above enumerated were consolidated and tried together in the court below.

The record discloses that two lots of unassorted fur scrap or cuttings, which accumulated in the process of manufacturing fur articles, were purchased in Winnipeg, Canada, in July 1941, for the sum of $359.00, United States currency.

Prior to exportation the fur cuttings were assorted (some pieces being described as worthless and thrown out) and packed in 23 bales.

In the condition above described the merchandise was imported at the port of New York. Two of the bales, containing dyed squirrel pieces (sides and paws), and dyed lamb heads, respectively, were shipped out of the United States, with the intention of returning them to Canada. However, they were refused entry there, whereupon they were again shipped to New York. Those two bales, which were appraised on the basis of United States value, are covered by reappraisement No. 149891–A, whereas all the other items were appraised on the basis of export value, and are covered by reappraisement No. 149890–A.

The trial judge found, in substance, that there was no merit in the motion of the United States to dismiss the importer's appeals "for failure of compliance with all of the provisions of the tariff act relating to entry and appraisement of merchandise," as provided by section 501 of the Tariff Act of 1930, and declined to grant the motion.

On the merits of the case the trial judge held that although the importer had established all the elements of an export value for such

merchandise as defined in section 402 (d) of said act, there was failure to prove the existence or absence of a foreign value as defined in section 402 (c) of said act, and reached the following conclusion:

On the record presented, therefore, I have no other course but to hold that the plaintiff has failed to overcome the statutory presumption in favor of the value found by the appraiser, which I determine to be the value of the merchandise herein, and judgment will issue accordingly.

Each of the parties to this litigation has filed an application for review of the decision and judgment below. In view of the conclusion we have reached in this case, it is important to consider, so far as the appeal filed by the Government is concerned, only the following two assignments of error:

(1) In holding "* * * I am satisfied that failure of the invoice to comply with the provisions of Section 481 is not a ground for denying this importer his right of appeal for reappraisement."

(2) In holding that failure to include facts of the actual purchase as originally made can not be considered a ground for dismissing the appeals.

In its brief on the merits of the case "The importer appeals from so much of the decision and judgment (Reap. Dec. 6010) of the single judge sitting in reappraisement as found and held that the importer failed to prove the existence or absence of a foreign value, and if a foreign value existed, whether the same was equal to or higher or lower than the export value proved by the importer."

We shall consider first the application for review filed by the Government with reference to its contention that the appeals for reappraisement should have been dismissed for failure to comply with the provision in section 501, *supra*, reading, "No such appeal filed by the consignee or his agent shall be deemed valid, unless he has complied with all the provisions of this Act relating to the entry and appraisement of such merchandise." It is alleged by the Government that the importer failed to meet the requirements of section 481 (a) (2) (3), and (5), and section 484 (d) of said act.

In disposing of the motion of the Government to dismiss the appeals, the trial judge gave expression to the following views:

Section 481 deals with the contents of invoices. For the reasons set forth in *Agruba Trading Co.* v. *United States*, 11 Cust. Ct. 478, Reap. Dec. 5957, I am satisfied that failure of the invoice to comply with the provisions of section 481 is not a ground for denying the importer his right of appeal for reappraisement.

Section 484 (d), *supra*, provides as follows:

SEC. 484. ENTRY OF MERCHANDISE.

* * * * * * *

(d) SIGNING AND CONTENTS.—Such entry shall be signed by the consignee, or his agent, and shall set forth such facts in regard to the importation as the Secretary of the Treasury may require for the purpose of assessing duties and to secure a proper examination, inspection, appraisement, and liquidation, and shall be accompanied by such invoices, bills of lading, certificates, and documents as are required by law and regulations promulgated thereunder.

As to this section the defendant alleges:

The entry does not show that the merchandise was purchased in bulk, because it gives specific prices for definite articles and is accompanied by an invoice which likewise does not express the facts of the actual purchase as originally made.

Article 298 of the Customs Regulations of 1937, in force and effect at the time of importation of the merchandise in issue, appears to contain the requirements on entry, and it is clear that "such facts in regard to the importations as the Secretary of the Treasury may require," etc., as set forth therein were shown on the entries. It does not appear that any other "facts of the actual purchase as originally made" must be set forth on the entry, and failure to include them cannot be considered a ground for dismissing the appeals under the authority of the sections cited.

Point 1 of the argument in the brief concludes as follows:

It will also be noted, from the official notice to the importer of advance in value upon appraisement, that the appraised value exceeds the entered value by "plus 100%". In view of the foregoing, it is respectfully submitted that the importer's appeals for reappraisement herein should be dismissed for failure of compliance with the aforementioned provisions of the tariff act.

I am unaware of any provision of law which requires dismissal of an importer's appeal for reappraisement merely because the advance exceeds 100 per centum. It would seem, in view of the additional penalties which obtain in such case, that the right of reappraisement is particularly necessary. I find no reason for dismissing the appeals herein.

For the reasons assigned by the trial judge which we adopt as our own, we find no error in his refusal to dismiss the appeals for reappraisement, and accordingly affirm his decision in that respect. In this connection note our decision in *Agruba Trading Co.* v. *United States*, 14 Cust. Ct. 338, Reap. Dec. 6104, and authorities cited therein.

We shall now give our attention to the contentions of the parties respecting the merits of the controversy.

The trial court found and held that the plaintiff below had established all the elements of export value for the merchandise as defined in section 402 (d) of the Tariff Act of 1930, but that neither the existence nor absence of foreign value, as defined in section 402 (c), had been established, so as to make possible the application of the provisions of section 402 (a).

The extent of the burden resting upon the appealing party in cases such as that at bar has been well stated in the decision of the Court of Customs and Patent Appeals in the case of *United States* v. *Malhame & Co.*, 19 C. C. P. A. (Customs) 164, T. D. 45276, wherein Garrett, J., speaking for the court, said:

The issue is not whether the value returned by the appraiser is the proper dutiable value of the merchandise, but whether there is (a) a foreign value or/and (b) an export value, and, if both, which is the higher, and the importer, having been the appealing party in the first instance, it was incumbent upon it "to meet every material issue involved in the case." *Meadows, Wye & Co.* v. *United States* [17 C. C. P. A. (Customs) 36, T. D. 43324] * * *.

Under the rules stated it was incumbent upon the importer in this case, upon its appeal to reappraisement, to show, as in all judicial proceedings, (a) what the

foreign value as defined by paragraph (b), *supra*, was, or that there was no such foreign value; and (b) what the export value, if any, as defined by paragraph (c), *supra*, was.

None of the proof offered in the case at bar can be said to be specifically directed toward establishing the requirements of the statute with respect to foreign value as to merchandise such as or similar to that in issue. The argument here made on behalf of the plaintiff-appellant is that such proof was broad enough to establish either that a foreign value existed which was no higher than the export value, or that no foreign value existed.

After a careful examination of the record, we are satisfied that in order to make such a finding the trial court would have been required to go further than to draw inferences from facts appearing in the record, and would have had to draw inferences from matters appearing in the record not actually amounting to established facts. Thus, on the one hand plaintiff-appellant relies upon statements of its witness relating to a transaction upon which it contends that a foreign value might be found, and on the other hand relies upon statements made in a customs agent's report upon which it contends that a finding that no foreign value existed might be made. In neither case, in our view, are sufficient details shown upon which a finding one way or the other could have been predicated. As was said in the *Malhame* case, *supra*—

The courts may not properly supply from imagination the essentials in which the proofs are deficient.

We are of the opinion that the situation with reference to foreign value was not sufficiently developed in the record to warrant reversal of the finding of the trial court that the record was deficient in a vital element of proof.

The judgment of the lower court is affirmed. Judgment will be entered accordingly.